# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JASON THEODORE PARSONS<br><br>Plaintiff,<br><br>v.<br><br>R.C. HOSPITALITY, PUNTA BORINQUEN RESORT; America Police Security, Inc; UNIVERSAL INSURANCE COMPANY; UNKNOWN COMPANIES A,B,C; INSURANCE COMPANIES X, Y, Z<br><br>Defendants | Civil No. 21-1421<br><br>PERSONAL INJURY DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now, plaintiff Jason Theodore Parsons, hereinafter "Parsons" or "plaintiff" through his undersigned attorneys and respectfully states, alleges, and prays:

**NATURE OF THE ACTION**

This is an action for damages pursuant to Article 1802 of Puerto Rico's Civil Code and constructive discharge pursuant to Puerto Rico's Law No. 80-1976, as amended.

**JURISDICTION AND VENUE**

The jurisdiction of this Court is founded upon 28 U.S.C. 1332 because of diversity, and pursuant to 28 U.S.C. §1367, plaintiff invokes the pendent jurisdiction of this Court with respect to all causes of action arising under the Laws and Constitution of Puerto Rico and because the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Venue in the Federal Court for the District of Puerto Rico is proper because a substantial part of the events or

1

omissions giving rise to the claim occurred in Puerto Rico. Plaintiff hereby demands trial by jury.

## THE PARTIES

### A.   PLAINTIFF

1. Plaintiff is of legal age, works as an aircraft pilot, is a citizen of the United States and resident of 2113 E Fracture Rd Phoenix AZ 85040 with identical postal address.

### B.   DEFENDANTS

2. RC Hospitality Corp., d/b/a Punta Borinquen Resort, hereinafter "RC", "Punta Borinquen", or "the hotel", is a corporation in the Hospitality business which owns and/or operates, Punta Borinquen Resort in Aguadilla, Puerto Rico. The address of its designated office is Urb. Villa Lydia Calle Zamora # 5 Aguadilla, PR 00603, its postal address is P.O. BOX 250461 Aguadilla, PR 00604-0461 and its resident agent is Nestor Ruiz Colon.

3. Co-defendant Universal Insurance Company is an insurance carrier duly organized or operating under the laws of Puerto Rico, which at all relevant times alleged herein, had in full force and effect one or more insurance policies, covering the legal liability of defendant RC Hospitality Corp. for the facts alleged herein.

4. America Police Security, Inc., hereinafter "America Police", is a corporation in the security business, which at the time of the facts alleged herein, provided security services at Punta Borinquen Resort. The physical and postal address of its designated office is Calle Betances 254 Aguadilla, PR 00603, and its resident agent is Francisco Villanueva Concepcion.

5. Unknown Corporations A, B, C are corporations that may be responsible for the facts alleged in this complaint but are presently unknown. Their names will be substituted as soon as they're known.

6. Co-defendants Insurance Companies X, Y, Z are insurance carriers duly organized or operating under the laws of Puerto Rico, which at all relevant times alleged herein, had in full force and effect one or more insurance policies, covering the legal liability of defendants for the facts alleged herein.

## FACTS

7. On September 7, 2018, plaintiff was staying at Punta Borinquen Resort after working his shift as a pilot.

8. That night, he went to the hotel casino where he spent the rest of the night, enjoying casino games.

9. After he finished playing, plaintiff collected his winnings and returned to his room approximately at 12:05 A.M. September 8, 2018,

10. Plaintiff was escorted to his room by a hotel employee, to whom he offered a tip.

11. Once in his room, plaintiff texted a friend and went to sleep.

12. Then, in the middle of the night, Janny Martínez Rodríguez also known as "Valeria", knocked on his door and inflicted three stab wounds and a slash wound on Mr. Parsons' neck from one side to the other, inflicting other wounds on his chest, torso, and right thumb.

13. After the attack, Martínez Rodríguez fled the scene with some of Mr. Parson belongings.

14. Janny Martínez Rodríguez was not staying at the hotel nor with plaintiff. However, she gained access to the hotel through the parking lot, with a sharp weapon, walked through the corridors and went up to the room where the assault took place.

15. While plaintiff was being assaulted, he screamed for help and pleaded for his life. However, no security personnel was present nearby nor attended the area, and Martínez Rodríguez had enough time to search various parts of the room for everything that was stolen.

16. Plaintiff was left on the floor of his room, with serious injuries and having suffered a massive loss of blood

17. After suffering the attack, Mr. Parsons, while lying on his room's floor, shouted for help, while the door was wide open, but no assistance arrived.

18. Plaintiff had to incorporate himself and with the little energy left in his body, grabbed a towel and in a desperate attempt to save his life walked stumbling to the hotel's lobby where he collapsed.

19. When he arrived at the lobby, the booth was being attended by a security guard from codefendant America Police.

20. The security guard did not provide any attention or first aid to plaintiff.

21. Worse yet, the security guard did not immediately call for emergency assistance from the hotel, nor called 9-1-1. Instead, he took photographs and videos of plaintiff, called other hotel employees from the kitchen, and asked them to come see the scene.

22. The security guard and the other employees then gathered to watch plaintiff while

he agonized on the floor.

23. It was not until almost 30 minutes after plaintiff arrived at the lobby, that the guard finally decided to make an emergency call to requesting medical help.

24. During this period, plaintiff lost a considerable amount of blood and his condition worsened.

25. However, plaintiff was conscious of what was happening around him. He felt horrorized by the spectacle, felt impotent and thought he was going to die. When he saw the security guard filming him, he thought his agony was being transmitted live through social media.

26. The entire incident where plaintiff arrived at the lobby, the security guard's taking of photographs and filming, the employees from the kitchen and security guards gathering around Mr. Parsons while he was bleeding and pleading for his life, was captured on the hotel's security video.

27. When the emergency personnel arrived, plaintiff was transported to a San Juan hospital. He suffered a cardiac arrest, had to be resuscitated and put in life support to help him breathe.

28. Plaintiff was subjected to immediate surgery and was hospitalized for a week.

29. As to this day Mr. Parsons is undergoing treatment resulting on nerve damage resulting from the blood loss that was worsened by the delay in his care caused by the security guard's inaction.

30. Plaintiff was told by the medical professionals that attended him that if the paramedics would have arrived a minute later than when they did, he would be

dead, and that the loss of blood would result on nerve damage.

31. Plaintiff is a pilot and the nerve damage has affected his work.

32. The whole ordeal has caused plaintiff extreme physical pain and mental anguish, both of which were worsened by defendants' inaction.

## FIRST CAUSE OF ACTION

### (Fault or Negligence under 31 L.P.R.A. Sec. 5141-5142)

33. Plaintiff hereby reiterates and reaffirms all previous statements and allegations.

34. Codefendant America Police was negligent in attending the emergency and responds for the damages suffered by plaintiff.

35. Codefendant RC hired America Police to provide security to the hotel and therefore responds for its negligence under the statutory employer doctrine.

36. Codefendant RC also responds for not providing a safe environment in its facilities as a person that was not staying in the hotel was able to reach the rooms easily.

37. Defendant's negligent acts and omissions have caused plaintiff physical and emotional damages valued at no less than **$2,000,000.00** actionable under Article 1802 of the Puerto Rico Civil Code. PR Laws Ann., 31 L.P.R.A. 5141.

38. Plaintiff made several extrajudicial claims, that interrupted the statute of limitations to file the complaint in an effort to resolve the controversies without the need of a judicial complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully request from this Honorable Court to issue the following relief against Defendant:

A. That the Court provide the Plaintiff with a jury trial;

B. That judgment be entered in favor of the Plaintiff and against the Defendants;

C. That the Court declare that Defendants' actions breached the employment contract with plaintiff and constituted a constructive discharge.

D. That the Court award the Plaintiff $2,000,000.00 for his damages.

E. That the Court award the Plaintiff punitive damages as requested above;

H. That the Court award the Plaintiff reasonable attorney's fees and costs and interest; and

I. That the Court award such other financial or equitable relief as is reasonable and just.

**RESPECTFULLY SUBMITTED**.

In Caguas, Puerto Rico, this 1st day of September, 2021.

s/*Fredeswin Pérez-Caballero*
**Fredeswin Pérez-Caballero**
Attorney for Plaintiff
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Telephone:   787-239-7226
USDC-PR 217803
e-mail: fpclaw@gmail.com

8